UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALOREE PERRY and
GREGORY PERRY,

    Plaintiffs,

vs.              Case No. 8:09-CV-2328-T-27EAJ

FLORIDA TRUCKING CO, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Remand (Dkt. 6) and Plaintiffs' opposition (Dkt. 11). Upon consideration, Defendant's Motion to Remand (Dkt. 6) is GRANTED.

Plaintiff removed this state court personal injury to federal court, citing 28 U.S.C. §§ 1334(b) and 157(b)(5), describing it "as a civil action relating to a bankruptcy case under 28 U.S.C. 1334(b)." (Dkt. 1, p. 1). Plaintiffs contend that the various corporate defendants are "closely related subsidiaries . . . jointly proceeding with bankruptcy under the same filing . . ." Id. at p. 2).

Initially, Defendants' remand motion raises an issue of subject matter jurisdiction. Federal district courts are court of limited jurisdiction, and uncertainties as to removal jurisdiction are to be resolved in favor of remand. *Russell Corp. v. American Home Assur. Co.*, 264 F. 3d 1040, 1050 (11th Cir. 2001). A federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

While removal of state court actions is generally governed by 28 U.S.C. § 1441, which

1

provides that a "civil action brought in a State court . . . may be removed by the defendant or defendants, to the district court . . .", any party may remove a civil case to district which is "related to" a Chapter 11 proceeding. 38 U.S.C. § 1452(a); 28 U.S.C. § 1334(b). Although not addressed by the parties, abstention is mandatory in a case related to a Chapter 11 proceeding but not arising under title 11 or in a title 11 case, where the action could not have originally been brought in federal court. 28 U.S.C. § 1334(c)(2). Accordingly, this court *sua sponte* examines whether it possesses subject matter jurisdiction.

Although this proceeding is related to Defendants' Chapter 11 case, it could not have been commenced in the federal court. Pursuant to 28 U.S.C. § 1334(c)(2), "... courts must abstain from hearing a state court claim if the following requirements are met: (1) The claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding. That is, it is related to a case under title 11 but does not arise under or arise in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be timely adjudicated in state court." *In re SOL, LLC,* 419 B.R. 498, 504 B.R. (S.D.Fla., 2009), quoting *E.S. Bankest, LLC v. United Beverage Florida, LLC,* 284 B.R. 162, 171 (B.R. 2002).

This case meets all of those criteria. As noted, there is no independent basis for federal jurisdiction over Plaintiffs' personal injury claims. The parties are not diverse and Plaintiffs' claims do not raise federal questions. The only possible basis for federal court jurisdiction is the non-exclusive jurisdiction established by 28 U.S.C. § 1334(b). Plaintiffs' claims are "non-core" claims, as they existed prior to and independent of the bankruptcy proceedings. *In re SOL, LLC,* 419 B.R. at 504; *In re Davis,* 899 F.2d 1136, 1140 (11th Cir. 1990)( "non-core" proceedings are "outside the scope of bankruptcy law as such."), *cert denied,* 498 U.S. 981 (1990). Finally, Plaintiffs' complaint

that their case cannot be timely adjudicated in state court merely reflect their subjective perception of undue delay. On this record, there is no objective basis from which to conclude that Plaintiffs' claims cannot be timely adjudicated in the state court.

Alternatively, pursuant to 1334(c)(1), a district court may abstain and remand a case "in the interest of justice," "comity," "or respect for State law." Pursuant to 28 U.S.C. § 1334(c)(1), a district court has the discretion to remand a state court tort action which was commenced in state court prior to the bankruptcy proceedings. *See In re White Motor Credit,* 761 F.2d 270, 273 (6th Cir. 1985); *Matter of Howe,* 913 F.2d 1138, 1143 n. 6 (5th Cir. 1990). Plaintiffs offer no persuasive, let alone compelling reasons for not remanding their case to state court, their chosen forum. Apparently seeking to buttress their contention that the case is properly before the federal court, Plaintiffs contend that the federal courts have a "relative unwillingness . . . to tolerate discovery abuses and willful failure to comply with orders compelling discovery . . ." Id. at p. 2. This is not a valid reason for refraining from discretionary abstention.

Plaintiffs' apparent dissatisfaction with the state court proceedings is not a legitimate reason to keep their case in federal court. On the contrary, there are valid reasons for this court to abstain and remand in the interests of justice, comity, and respect for state law. Where, as here, a claim sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is "particularly compelling." *Southerland v. Smith,* 142 B.R. 980, 982 (M.D.Fla.,1992), citing *In re Haugen,* 120 B.R. 124, 127 (D.N.D.1990).

Plaintiffs' personal injury claims involve entirely state law issues. "Under the circumstances, comity and respect for state law suggest that the action should remain in state court." *Broughton v.*

*Celotex Corp.*, 183 B.R. 945, 948 (M.D.Fla.,1995).[1] Finally, remanding to state court would be consistent with Bankruptcy Judge Delano's order lifting the stay and therefore would not negatively impact administration of the bankruptcy estate.

Conclusion

Even if abstention is not mandated by § 1334(c)(2), this court exercises its discretion pursuant to § 1334(c)(1) and remands this case to the 13th Judicial Circuit in and for Hillsborough County, Florida, where it was commenced by Plaintiffs, in the interest of justice, comity, and respect for state law. Defendants' request for attorney's fees and costs is DENIED. The case was properly removed pursuant to 28 U.S.C.§ 1452(a), although Plaintiffs did not invoke that statute in their removal notice.[2]

The Clerk is directed to close this case and deny all pending motions as moot.[3]

**DONE AND ORDERED** in Tampa, Florida, on this 21st day of January, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[1] The apparent conflict between § 157(b)(5) and § 1334(c)(2) has been addressed and resolved based on the Congressional Record. *See In re White Motor Credit, supra.* District courts in this Circuit have followed *In Re White* is remanding personal injury lawsuits to state court, notwithstanding that they may be "related to" a Chapter 11 proceeding. *Broughton v. Celotex Corp., supra; Kadel v. Thompson*, 84 B.R. 878, 881 (N.D.Ga.,1988).

[2] Likewise, Defendant did not expressly invoke § 1334(c)(1) or (2) in their remand motion. Neither Defendants' motion or Plaintiffs' opposition were particularly helpful in resolving the issues.

[3] See Dkts. 2, 4, 8, 10, 12, 13,14, and 17.